[No. 5604.]
[No. 2381 C. A.]

HUBBARD v. MULLIGAN.

1. Partnership—Evidence—Mortgages—Consideration.

In an action to foreclose a mortgage the evidence examined and held not to show the existence of a copartnership between the mortgagor and mortgagee at the time of the execution of the mortgage to show that the consideration for the mortgage was provided by the mortgagor and not by a copartnership consisting of the mortgagor and mortgagee.

2. Partnership—Evidence.

The existence of a partnership cannot be proved by a statement in the testimony of one of the alleged partners, who is affirming the existence of the partnership, that such partnership did exist. He is competent only to state the facts, from which the law will determine whether or not such partnership existed.

3. **Mortgages—Partnership.**

Appellant advanced to appellee money to improve land filed on by appellee and took a mortgage thereon to secure the advancement. On the same day the mortgage was executed appellant transferred to appellee an undivided one-half interest in certain personal property employed in the live stock and ranch business and thereafter a partnership in such business existed between appellant and appellee for about a year and a half, when it was dissolved and a mutual release executed as to all partnership matters, but without mentioning the mortgage. Held that the partnership dissolution and release did not discharge the obligation created by the mortgage.

*Appeal from the District Court of Arapahoe County: Hon. George W. Allen, Judge.*

*On Rehearing.*

Messrs. WELLS & TAYLOR, Mr. R. T. McNEAL, Messrs. WOLCOTT, VAILE & WATERMAN and Mr. W. W. FIELD, for appellant.

Mr. F. J. MOTT and Mr. R. D. THOMPSON, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court.

This was an action to foreclose an instrument, in effect, a mortgage, running from appellee to appellant. This instrument recited that appellee had filed upon certain land under the preemption laws of the United States; that appellant had advanced to him $2,000 for the improvement thereof; that the funds had been so expended, and in consideration of such advancement provided that in the event appellee should acquire title under such filing that said sum, with interest, should become a lien on said land, and within a prescribed time should be paid to appellant, and, in default of payment, for a foreclosure.

Appellee acquired title under the filing; there was default in the stipulated payment, and hence this

action. Several defenses were interposed, which by *Hubbard v. Mulligan*, 13 Colo. App. 116, were limited to one—want of consideration for the mortgage. The case was tried below on this issue with a finding and judgment for appellee.

Appellant says there was no evidence to sustain this finding and asks a reversal with instructions to enter judgment as prayed in the complaint.

The mortgage recited that the consideration therefor had been advanced by appellant. The trial court proceeded on the theory that proof that the recited consideration was not provided by appellant was proof that the mortgage was without consideration.

The contention of appellant was that the consideration had been provided by him; that of appellee that it had been furnished by the firm of Hubbard & Mulligan, composed of appellant and appellee. The contention of appellee was that in 1882 he and appellant had formed a partnership in the livery business; that this continued until the fall of 1885, when it was sold and the proceeds invested in establishing a live stock business on the land covered by the mortgage, which live stock business was owned by appellant and himself as partners; that by such firm the advancements recited in the mortgage were made. Appellant denied the existence of such partnership at any time prior to the giving of the mortgage in suit and contended that he individually had provided the consideration in question.

The court evidently found on this issue for appellee, and for such reason held the mortgage to be without consideration.

We do not concede that proof that the advances recited in the mortgage were made by Hubbard & Mulligan would show it without consideration, but it is unnecessary to discuss this question because in

our opinion the evidence without substantial conflict shows that the consideration so recited was provided by appellant and not by the firm of Hubbard & Mulligan. Appellee's contention that the consideration was provided by this firm depended upon his showing a partnership between Hubbard and Mulligan in the livery business from 1882 to 1885 and in the live stock business from 1885 or the spring of 1886 to October, 1887. The facts pertinent to the alleged partnership were: In 1882 appellant purchased a livery business; this was effected by appellant giving his personal notes for the purchase price—about $17,500; appellee was at no time liable on these notes, and at no time did he as a partner provide any part of said purchase price; appellant after the foreclosure continued to run the livery stable, and gave appellee employment therein as foreman; the business was conducted in the name of appellant; no partnership account was kept with appellee, and he at no time participated in the profits as a partner. In 1885 appellant sold the business for $20,000 and appropriated the same to his own use without objection from appellee. In the spring of 1886 appellant established a live stock ranch on the land covered by the mortgage; appellee was here in charge as manager, but was not interested in the business as a partner until after October 17, 1887, that is, until after the giving of the mortgage in suit, when he became a partner therein by express contract. Appellee as a witness stated that he was appellant's partner commencing with the year 1882, but such testimony without more proved nothing. He was competent only to state the facts, and from these the law would determine the existence of a partnership. There was no evidence of an express agreement creating such partnership, or of any fact from which the same would be implied.

We think the evidence without substantial conflict shows the consideration recited in the mortgage, and that the finding of the court that the same was without consideration had no evidence to support it.

In October, 1887, upon the same day as that upon which the mortgage was given, appellant, by bill of sale, transferred to appellee an undivided one-half interest in the personal property employed in the live stock and ranch business, and thereafter until March, 1889, a partnership in such business existed between appellant and appellee. March, 1889, the association thus established was dissolved and a mutual release executed operating on all partnership matters. This release was offered in evidence to show a discharge of the obligation created by the mortgage sued on. It was properly rejected because manifestly the individual liability created by this mortgage was not within the terms of this release.

This action was instituted in 1895, has been tried twice below and this is its third consideration by an appellate tribunal. No defense has been shown to the mortgage sued on, none can be, and the litigation should end. The cause will be reversed with instructions to the lower court to enter judgment for appellant (plaintiff) as prayed in the complaint.

Judgment reversed.                *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.